IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY HINES, DCDC 294-456
a/k/a Anthony Hines
1211 Connecticut Avenue
Suite 506
Washington, DC 20036

    Plaintiff,

v.

Corrections Corporation of
America, Inc. (CCA)
A Foreign Corporation
1901 E. Street, SE
Washington, DC 200003

&

District of Columbia Government
A Municipal Corporation For the
Intentional and Negligent Acts and
Omissions of Its Agents and Agencies
c/o Darlene Fields
D.C. Department of Corrections
441 4th Street N.W.
6th Floor South
Washington, D.C. 20001

&

Jane or John Doe
Corrections Corporation of America
(CCA)
1901 E. Street, SE
Washington, DC 20003

&

Tabitha Braxton
Office of the Mayor
1305 Pennsylvania Ave. N.W.
Suite 419
Washington, D.C. 20004

    Defendants.

## NOTICE OF REMOVAL

Defendant Corrections Corporation of America, through counsel, pursuant to Rule 81(c), FED.R.CIV.P., hereby notices the removal of the above-captioned case from the Superior Court of the District of Columbia, Filed under Civil Cause No. 05-006400, to this Court, and in support thereof asserts:

1.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331. This action may be removed pursuant to 28 U.S.C. § 1441(b) because it is based on allegations of violations of the Eighth Amendment of the United States Constitution and 42 U.S.C. § 1983, and the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum.

2.  This Notice of Removal is being filed within thirty (30) days after initial receipt of the Complaint and is timely filed under 28 U.S.C. § 1446(b).

3.  The time for which Defendant, Corrections Corporation of America, has to answer or move with respect to the Complaint has not expired.

4.  Defendant has notified counsel for Defendant District of Columbia/Department of Corrections. The District of Columbia has not been served. The District of Columbia has no objection to removal of this action.

5.  A Notification of Filing of Notice of Removal in Federal Court, a true and correct copy of which is attached as Exhibit A has been filed in the Superior Court of the District of Columbia on behalf of Defendant.

WHEREFORE, Defendant respectfully requests that the above action now pending in the Superior Court of the District of Columbia be removed to this Court.

*Megan A. Ben'Ary*
Kelvin L. Newsome (D.C. Bar No. 439206)
Rebecca Everett Kuehn (D.C. Bar No. 447481)
Megan S. Ben'Ary (D.C. Bar No. 493415)
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane
Suite 700
Alexandria, Virginia 22314
Telephone: (703) 684-8007
Facsimile: (703) 684-8075

Daniel P. Struck (D.C. Bar No. CO0037)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7323
Facsimile: (602) 200-7811(direct)

Counsel for Defendants, *Corrections Corporation of America*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was mailed to the following this 7th day of November 2005:

> Rudolph Acree, Jr.
> 1211 Connecticut Avenue, N.W.
> Suite 506
> Washington, DC 20036
> Counsel for Plaintiff, Anthony Hines

_____
Megan S. Ben'Ary

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **ANTHONY HINES, DCDC 294-456,** a/k/a Anthony Hines<br><br>Plaintiff,<br><br>v.<br><br>**CORRECTIONS CORPORATION OF AMERICA** (CCA), a Foreign Corporation,<br><br>**DISTRICT OF COLUMBIA GOVERNMENT,** a Municipal Corporation,<br><br>**JANE OR JOHN DOE, CORRECTIONS CORPORATION OF AMERICA,** and<br><br>**TABITHA BRAXTON,** Office of the Mayor,<br><br>Defendants. | NO. CA 2005 - 006400<br><br>Judge Anna Blackburne-Rigsby<br><br>Calendar:<br><br>Initial Conference:<br><br>Friday, November 18, 2005, 9:30 a.m.<br><br>Location:   Courtroom B-5<br>409 East Street, N.W.<br>Washington, DC 20001 |

## NOTICE OF FILING NOTICE OF REMOVAL

Defendant Corrections Corporation of America, by counsel and pursuant to 28 U.S.C. § 1441 *et seq.*, hereby notifies this Court that it has filed a Notice of Removal of this action to the United States District Court for the District of Columbia. Defendant Corrections Corporation of America has contacted counsel for the District of Columbia/Department of Corrections defendants, presently unserved, who have advised that they have no objection to the removal. A copy of the Notice of Removal filed in the United States District Court is attached hereto as Exhibit A.



CORRECTIONS CORPORATION OF AMERICA
By Counsel

By /s/ Megan S. Ben'Ary
Kelvin L. Newsome (D.C. Bar No. 439206)
Rebecca E. Kuehn (D.C. Bar No. 447481)
Megan S. Ben'Ary (D.C. Bar No. 493415)
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane
Suite 700
Alexandria, Virginia 22314
Telephone: (703) 684-8007
Facsimile: (703) 647-8075
*Counsel for Defendant Corrections Corporation of America*

Of Counsel:

Daniel P. Struck
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, AZ 85012
(602) 263-7323

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was mailed to the following this 7th day of November 2005:

Rudolph Acree, Jr.
1211 Connecticut Avenue, N.W.
Suite 506
Washington, DC 20036
Counsel for Plaintiff, Anthony Hines

/s/ Megan S. Ben'Ary
Megan S. Ben'Ary

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY HINES, DCDC 294-456, a/k/a Anthony Hines<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA (CCA), a Foreign Corporation,<br><br>DISTRICT OF COLUMBIA GOVERNMENT, a Municipal Corporation,<br><br>JANE OR JOHN DOE, CORRECTIONS CORPORATION OF AMERICA, and<br><br>TABITHA BRAXTON, Office of the Mayor,<br><br>Defendants. | NO. CA 2005 - 006400 |

## NOTICE OF REMOVAL

Defendant Corrections Corporation of America, through counsel, pursuant to Rule 81(c), FED.R.CIV.P., hereby notices the removal of the above-captioned case from the Superior Court of the District of Columbia, Filed under Civil Cause No. 05-006400, to this Court, and in support thereof asserts:

1.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331. This action may be removed pursuant to 28 U.S.C. § 1441(b) because it is based on allegations of violations of the Eighth Amendment of the United States Constitution and 42 U.S.C. § 1983, and the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum.



EXHIBIT A

2. This Notice of Removal is being filed within thirty (30) days after initial receipt of the Complaint and is timely filed under 28 U.S.C. § 1446(b).

3. The time for which Defendant, Corrections Corporation of America, has to answer or move with respect to the Complaint has not expired.

4. Defendant has notified counsel for Defendant District of Columbia/Department of Corrections. The District of Columbia has not been served. The District of Columbia has no objection to removal of this action.

5. A Notification of Filing of Notice of Removal in Federal Court, a true and correct copy of which is attached as Exhibit A has been filed in the Superior Court of the District of Columbia on behalf of Defendant.

WHEREFORE, Defendant respectfully requests that the above action now pending in the Superior Court of the District of Columbia be removed to this Court.

RESPECTFULLY SUBMITTED this 7 day of November, 2005.

/s/
Daniel P. Struck (D.C. Bar No. CO0037)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7323
Facsimile: (602) 200-7811(direct)

Rebecca Everett Kuehn
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane
Suite 700
Alexandria, Virginia 22314
Telephone: (703) 684-8007
Facsimile: (703) 684-8075

Counsel for Defendants, *Corrections Corporation of America*

E-FILED this 7 day of November, 2005.

2

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
# INITIAL ORDER, SUMMONS AND COMPLAINT

10/11/2005 11:32 FAX 615 366 7333     JOB MASTER                                    ☒006
10/07/2005 17:07 FAX                                                                ☒004



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ANTHONY HINES
Vs.                                              C.A. No.     2005 CA 006400 B
CORRECTIONS CORPORATION OF AMERICA, INC.

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference once, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                                 Chief Judge Rufus G. King, III

Case Assigned to: Judge ANNA BLACKBURNE-RIGSBY
AUGUST 11, 2005
Initial Conference: 9:30 am, Friday, November 18, 2005
Location: Courtroom B-52
          409 E Street, NW
          WASHINGTON, DC 20001

                                                                        Caio.doc

10/11/2005 11:32 FAX 615 366 7333    JOB MASTER    ☒007
10/07/2005 17:07 FAX    ☒005

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Anthony Jones
                                    Plaintiff
vs.                                                         05-0005400

Corrections Corporations Of America, Inc. (CCA)
1901 E Street, SE                                    Civil Action No. _____
Washington, DC. 20003
                                    Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

                                                    Clerk of the Court

Rudolph Acree Jr
Name of Plaintiff's Attorney

1211 Connecticut Ave, N.W Suite 506
Address
Washington D.C. 20036

202-331-1961                                        Date
Telephone

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-452A(ly) 03

10/11/2005 11:33 FAX 615 366 7333   JOB MASTER   ☒008
10/07/2005 17:07 FAX   ☒006

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

ANTHONY HINES, DCDC 294-456
a/k/a Anthony Hines
1211 Connecticut Avenue
Suite 506
Washington, DC 20036

    Plaintiff,

    vs.

Corrections Corporation of
America, Inc. (CCA),
A Foreign Corporation
1901 E Street, SE
Washington, DC 20003

&

District of Columbia Government
A Municipal Corporation For the
Intentional and Negligent Acts and
Omissions of Its Agents and Agencies
c/o Darlene Fields
D.C. Department of Corrections
441 4th Street N.W.
6th Floor South
Washington D.C. 20001
&

Jane or John Doe
Corrections Corporation Of America (CCA)
1901 E. Street, SE
Washington, DC 20003
&

Tabitha Braxton
Office of the Mayor
1350 Pennsylvania Ave. N.W.
Suite 419
Washington D.C. 20004
    Defendants

RECEIVED
CIVIL CLERK'S OFFICE
AUG 11 2005
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

C.A. NO. 05-0006400
Jury Demand

Received 7 Oct 2005 DHPeay @ 3:45pm

1. Jurisdiction of this court is involved pursuant to Title 42 U.S.C. 1983 Civil Rights Act; the Eight Amendment Cruel and Unusual Punishment Clause of the United States Constitution; Title 28 U.S.C. 1331; Federal Question; the Court's Pendent and Ancillary Jurisdiction over Plaintiff's common law claims. The Fifth and Fourteenth Amendments Equal Protection and Due Process Clause of the United States Constitution.

2. All of the facts supporting the claims levied herein took place in the District of Columbia.

## PARTIES

3. The District of Columbia, (hereinafter referred to as the "District") is a municipal corporation and employer of the other defendants, and was at all times herein relevant to this Complaint, the employer of and responsible for the hiring, training, supervision, retaining in its employ, and continued employment of all members and/or correctional officers of the Correctional Treatment Facility in conjunction with the Corrections Corporation of America, Inc., (hereinafter CCA), 1901 E Street, SE, Washington, DC. The District is sued both directly for its tortious conduct and vicariously for the tortious conduct of its agents, officers, and employees acting within the course and scope of their employment and under color of law and/or usage.

4. Corrections Corporation of America, Inc. (hereinafter CCA), is a corporation operating as a Correctional Facility within the District of Columbia and is duly incorporated in the State of Maryland. At all times herein, Jane or John Doe and Others Unknown, were employees, agents, servants and or independent contractors of the Correctional Treatment Facility a subsidiary of the Corrections Corporation of America,

10/11/2005 11:33 FAX 615 368 7333      JOB MASTER                              ☒010
10/07/2005 17:08 FAX                                                           ☒008

Inc. and said Corporation is and remain liable for all of the intentional and negligent acts and omissions.

5. Jane or John Doe and Others Unknown, at all times herein were employees, agents, servants and or independent contractors of the defendants Corrections Corporation of America, Inc. as a subsidiary of the District of Columbia Government, acting within the scope of his or her employment. Officer Doe's responsibilities included but are not limited to the detention, safety and supervision of arrestees. Officer Doe is sued individually and in his or her official capacity.

## STATUTORY NOTICE

6. On September 30, 2003 the plaintiff did give notice to the Defendants of their claim for unliquidated damages, pursuant to and in compliance with D.C. Code § 12-309 (1981 ed., as amended).

## BACKGROUND INFORMATION

7. On or about October 6, 2002, Plaintiff Hines became an inmate under the D.C. Department of Corrections. Plaintiff Hines was initially housed at the D.C. Jail. He was thereafter moved to the Correctional Treatment Facility a subsidiary of the Corrections Corporation of America under the D.C. Department of Corrections. Mr. Hines had been, prior to his incarceration, diagnosed as an individual with high blood pressure and was directed to take prescribed medicine daily. At least one of Mr. Hines' blood pressure prescriptions was filled but not administered to Mr. Hines despite a number of formal requests for his medicine. Mr. Hines did not receive his prescribed daily blood pressure medicine for more than thirty (30) days.

10/11/2005 11:33 FAX 615 366 7333   JOB MASTER                              ☒011
10/07/2005 17:08 FAX                                                        ☒009

8. On or about April 29, 2003 Mr. Hines collapsed while in the shower because he was not administered his blood pressure medication. Mr. Hines was taken to the hospital. He suffered head, neck and back injuries, in addition to emotional and mental injuries as a result of the aforementioned negligence.

## CAUSES OF ACTION

### COUNT II
### (ASSAULT AND BATTERY)

9. Plaintiffs adopt and incorporate paragraphs 1-8 of this complaint herein as if fully set forth below.

10. The actions and/or omissions of the defendants while acting under the color of law and authority of the District and CCA constitute the battery and assault of the plaintiff thereby causing injury to the person and emotions of the plaintiff.

### COUNT III
### (NEGLIGENCE)

11. Plaintiffs adopt and incorporate paragraphs 1-10 of this complaint herein as if fully set forth below.

12. The actions and/or omissions of the defendants while acting under the color of law and authority of the District and CCA were negligent where the Plaintiff's injuries were the proximate cause of the defendants actions or failures to act in a reasonable manner and where defendants had a duty and obligation to the Plaintiff to administer the requisite medication needed by the Plaintiff during his incarceration at the Correctional Treatment Facility.

10/11/2005 11:34 FAX 615 366 7333        JOB MASTER                            ☒012
10/07/2005 17:08 FAX                                                           ☒010

## COUNT IV
### (NEGLIGENT HIRING AND RETENTION)

13. Plaintiffs adopt and incorporate paragraphs 1-12 of this complaint herein as if fully set forth below.

14. Defendant Doe and Others Unknown, by being employed by The District and its subsidiary CCA was incompetent during his respective employ by acting on his own accord and under the guise of his or her employment by failing to administer the requisite prescription medicine needed by Plaintiff Hines.

15. That both Defendants had actual or constructive knowledge of such incompetence of Defendant Doe and Others Unknown. In addition, that Defendant Doe's and Others Unknown, illegal acts or omissions and the resulting mental and physical pain and suffering endured by the Plaintiff were caused by the Defendants, The District and CCA.

16. This was done through The District and CCA's extremely negligent selection in hiring or retaining and failing to properly train, supervise and monitor the movements and behavior of employees as Defendant Doe and Others Unknown.

## COUNT V
### (Constitutional Claims)
Violations of Eight-Amendment Cruel and Unusual Punishment, Due Process and Equal Protection Clause of the United States Constitution and Violation of Plaintiff's Civil Rights Under Title 42 USC 1983

17. Plaintiffs adopt and incorporate paragraphs 1-18 of this complaint herein as if fully set forth below.

18. The intentional, malicious and inhumane acts of denying the Plaintiff medication necessary in the daily maintenance of his life and well being, of the Defendant Doe and Others Unknown were with the sole and deliberate intent to punish the Plaintiff without

10/11/2005 11:34 FAX 815 366 7333     JOB MASTER                                    ☒013
10/07/2005 17:09 FAX                                                                ☒011

logical reasons or any penological purposes. Such illegal acts constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

19. At all times herein, Defendant Doe and Others Unknown, were acting under the color of law as a District of Columbia Correctional Officer and his or her malicious acts of punishment were performed without due process of the law and without equal protection of the Law, in violation of the Fifth Amendment to the United States Constitution as it incorporates the Fourteenth Amendment's Equal Protection Clause.

20. The malicious acts of Defendant Doe and Others Unknown by denying the Plaintiff his medication that resulted in the subsequent mental and physical injuries were the direct consequences of the District of Columbia and CCA custom and usage and long lived policy of:

    a. Failure to train, and otherwise properly train Defendant and its Correctional Officers and employees as to how to respond and deal with an inmate's need for medication on a daily basis.

    b. Failure to supervise or properly supervise Defendant and its Correctional Officers and employees who were the sole and proximate cause of Plaintiff Hines being denied his medication and thus resulting in subsequent injury to Plaintiff Hines.

    c. Failure to properly select Correctional Officers and other employees, failure to perform background checks into employee and prospective employees' past to determine whether said applicants are fit for the various positions within the facility, including but not limited to Correctional Officer; and

    d. The District of Columbia City Counsel, the Legislative Branch of the District of Columbia, the Director of the District of Columbia Department of Corrections,

CCA, failure to create guidelines, policies, procedures and training geared at protecting and serving those inmates that require extra attention in the form of the daily administration of medication necessary to maintain good health and well being, while in their care.

21. As a result of the aforementioned illegal acts and acts of omission, Plaintiff sustained mental and physical injuries.

## COUNT VI
(Negligent and Intentional Infliction of Emotional Distress)

22. Plaintiff adopts and incorporates paragraphs 1-22 of this complaint herein as if fully set forth below.

23. The acts and or omissions of the Defendants in denying the Plaintiff his medication so necessary in the maintenance of the Plaintiff's health and well-being while under the Defendant's care, was so extreme and outrageous, as to go beyond all possible bounds of decency, and should be deemed as "atrocious and utterly intolerable in a civilized community." § 46, Second Restatement of Torts.

## DAMAGES

24. As a direct and proximate result of the actions and/or omissions of the Defendants as aforementioned in each count herein, the Plaintiff Hines did suffer severe personal and permanent injuries to his person as well as severe emotional distress and mental anguish, distress and pain. Additionally, Plaintiff Hines has incurred medical expenses for the treatment of the injuries sustained at the hands of the Defendants and may incur future medical expenses.

10/11/2005 11:35 FAX 615 366 7333    JOB MASTER                                    ☒015
10/07/2005 17:08 FAX                                                                      ☒013

## PRAYER

WHEREFORE, Plaintiff Hines prays that he be awarded judgment jointly and severally as against each Defendant to this complaint, compensatory damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) and THREE MILLION DOLLARS ($3,000,000.00) in punitive damages as against Defendants.

## JURY DEMAND

Plaintiff respectfully demands a jury trial.

Respectfully Submitted,

Rudolph Acree, Jr.
D.C. Bar # 434873
Counsel for Plaintiff
1211 Connecticut Avenue, N.W.
Suite 506
Washington, DC 20036
(202) 331-1961