## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANTHONY HINES, DCDC 294-456,** a/k/a Anthony Hines<br><br>Plaintiff,<br><br>v.<br><br>**CORRECTIONS CORPORATION OF AMERICA** (CCA), a Foreign Corporation,<br><br>**DISTRICT OF COLUMBIA GOVERNMENT,** a Municipal Corporation,<br><br>**JANE OR JOHN DOE, CORRECTIONS CORPORATION OF AMERICA,** and<br><br>**TABITHA BRAXTON,** Office of the Mayor,<br><br>Defendants. | NO. CA 2005 - 006400 |

### DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Corrections Corporation of America ("CCA"), for its answer to Plaintiff's Complaint, admits, denies and alleges as follows:

I.

This answering Defendant denies each and every allegation of Plaintiff's Complaint which is not specifically admitted, denied or otherwise plead to. For purposes of answering Plaintiff's Complaint, Defendant admits that this answering Defendant was acting under color of law during the time CCA incarcerated Plaintiff.

II.

In answering paragraph 1 of Plaintiff's Complaint, paragraph 1 sets forth the jurisdictional basis for Plaintiff's claims. Defendant admits that Title 28 U.S.C. §1331

confers jurisdiction upon the federal district court with respect to Plaintiff's Eighth, Fifth and Fourteenth Amendment claims asserted pursuant to 42 U.S.C. §1983.

III.

In answering paragraph 2 of Plaintiff's Complaint, this answering Defendant admits only that the Central Treatment Facility, operated by Defendant, is located in the District of Columbia, where Plaintiff alleges he was injured. This answering Defendant is without sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 2 of Plaintiff's Complaint and therefore, denies the same.

IV.

**PARTIES**

In answering paragraph 3 of Plaintiff's Complaint, this paragraph is not directed at this answering Defendant, therefore no response is required by Defendant CCA. To the extent paragraph 3 asserts allegations of wrongdoing against this answering Defendant, Defendant denies same.

V.

In answering paragraph 4 of Plaintiff's Complaint, Defendant admits only that Defendant CCA operates the Correctional Treatment Facility located in the District of Columbia and that Defendant CCA is a corporation incorporated in the State of Maryland. Defendant is without sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 4 of Plaintiff's Complaint and therefore, denies the same.

VI.

In answering paragraph 5 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint and therefore, denies the same.

## STATUTORY NOTICE

VII.

In answering paragraph 6 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint and therefore, denies the same.

## BACKGROUND INFORMATION

VIII.

In answering paragraph 7 of Plaintiff's Complaint, this answering Defendant admits only that Plaintiff was processed into the Correctional Treatment Facility on 2/21/03. This answering Defendant is without sufficient knowledge or information as to the truth of the remaining allegations contained in paragraph 7 of Plaintiff's Complaint and therefore, denies the same.

IX.

In answering paragraph 8, this answering Defendant is without sufficient knowledge or information as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint and therefore, denies the same.

## CAUSES OF ACTION

### COUNT II
### (ASSAULT AND BATTERY)

X.

In answering paragraph 9, Defendant incorporates by reference, the preceding paragraphs as stated herein.

XI.

In answering paragraph 10, Defendant denies same.

### COUNT III
### (NEGLIGENCE)

XII.

In answering paragraph 11, Defendant incorporates by reference, the preceding paragraphs as stated herein.

XIII.

In answering paragraph 12, Defendant denies same.

## COUNT IV
### (NEGLIGENT HIRING AND RETENTION)

XIV.

In answering paragraph 13, Defendant incorporates by reference, the preceding paragraphs as stated herein.

XV.

In answering paragraph 14, Defendant denies same.

XVI.

In answering paragraph 15, Defendant denies same.

XVII.

In answering paragraph 16, Defendant denies same.

## COUNT V
### (Constitutional Claims)
**Violations of Eighth-Amendment Cruel and Unusual Punishment, Due Process and Equal Protection Clause of the United States Constitution and Violation of Plaintiff's Civil Rights Under Title 42 U.S.C. §1983**

XVIII.

In answering paragraph 17, Defendant incorporates by reference, the preceding paragraphs as stated herein.

XIX.

In answering paragraph 18, Defendant denies same.

XX.

In answering paragraph 19, Defendant denies same.

XXI.

In answering paragraph 20, Defendant denies same.

XXII.

In answering paragraph 21, Defendant denies same.

## COUNT VI
### (Negligent and Intentional Infliction of Emotional Distress)

XXIII.

In answering paragraph 22, Defendant incorporates by reference, the preceding paragraphs as stated herein.

XXIV.

In answering paragraph 23, Defendant denies same.

### DAMAGES

In answering paragraph 24, Defendant denies same.

### AFFIRMATIVE DEFENSES

XXV.

As a separate defense, or in the alternative, this answering Defendant alleges that the Plaintiff's claims are barred by the applicable statute of limitations.

XXVI.

As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff fails to state a claim upon which relief may be granted.

XXVII.

As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff failed to exhaust administrative remedies prior to filing suit in accordance

with the Prison Litigation Reform Act, thereby precluding all claims asserted under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a).

### XXVIII.

As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff failed to comply with D.C. Code § 12-309 prior to filing suit, thus barring this action.

### XXIX.

As a separate defense, or in the alternative, this answering Defendant alleges that the Plaintiff's injuries, losses and damages were the result of the assumption of risk by Plaintiff.

### XXX.

As a separate defense, or in the alternative, this answering Defendant alleges that the Plaintiff was comparatively negligent, which would diminish or eliminate Plaintiff's right to recovery against this answering Defendant.

### XXXI.

As a separate defense, or in the alternative, this answering Defendant alleges that the Plaintiff's injuries, losses and damages, if any, were the result of the negligence of someone other than this answering Defendant, thereby reducing or eliminating any damages owed by this answering Defendant.

### XXXII.

As a separate defense, or in the alternative, this answering Defendant alleges that the actions or inactions alleged on the part of this answering Defendant were not the proximate cause of any injuries, losses and damages to Plaintiff.

### XXXIII.

As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff's allegations arose as a result of Plaintiff's own negligence, not the acts or omissions of this answering Defendant, thereby warranting dismissal of this lawsuit.

XXXIV.

As a separate defense, or in the alternative, this answering Defendant alleges that it was acting in good faith, thereby warranting dismissal of this lawsuit.

XXXV.

As a separate defense, or in the alternative, this answering Defendant alleges that it is entitled to absolute immunity from suit.

XXXVI.

As a separate defense, or in the alternative, this answering Defendant alleges that it is entitled to qualified immunity from suit.

XXXVII.

As a separate defense, or in the alternative, this answering Defendant alleges that it is entitled to discretionary immunity from suit.

XXXVIII.

As a separate defense, or in the alternative, this answering Defendant alleges that it did not actually know of, and consciously disregard, Plaintiff's medical needs causing Plaintiff to suffer injury or aggravation of an existing medical condition. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).

XXXIX.

As a separate defense, and in the alternative, this answering Defendant alleges that the Defendant and its employees were acting in good faith at all times, without

malice, and without the requisite state of mind necessary for Plaintiff to prove in order to prevail on a claim of deliberate indifference.

XL.

As a separate defense, and in the alternative, this Defendant alleges that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights Plaintiff, thereby precluding punitive damages and recovery for intentional infliction of emotional distress.

XLI.

As a separate defense, and in the alternative, this Defendant alleges that Plaintiff has failed to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a Constitutional violation, thereby warranting dismissal of this lawsuit.

XLII.

As a separate defense, and in the alternative, this Defendant alleges that Plaintiff has failed to set forth a grave deprivation in regard to his allegation that a Constitutional violation has occurred, thereby warranting dismissal of this lawsuit.

XLIII.

As a separate defense, or in the alternative, this answering Defendant alleges that the actions of Defendant and Defendant's employees were objectively reasonable under the circumstances and that they were acting in good faith and without malice.

XLIV.

As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff failed to mitigate damages.

XLV.

Although this answering Defendant does not presently have facts in support of the following defenses, this Defendant wishes to assert the following defenses should subsequent discovery reveal these defenses are appropriate. Specifically, the following affirmative defenses set forth in Rule 8 and Rule 12, including but not limited to, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, laches, release, res judicata, statute of frauds, statute of limitations, waiver, insufficiency of process and insufficiency of service of process.

WHEREFORE, having fully answered Plaintiff's Complaint, this answering Defendant requests that it be dismissed and that it be awarded its reasonable attorney's fees and costs incurred herein.

Defendant hereby demands a jury trial as to all triable issues.

*Megan S. Ben'Ary*
Kelvin L. Newsome (D.C. Bar No. 439206)
Rebecca Everett Kuehn (D.C. Bar No. 447481)
Megan S. Ben'Ary (D.C. Bar No. 493415)
LECLAIR RYAN, A PROFESSIONAL CORPORATION
225 Reinekers Lane
Suite 700
Alexandria, Virginia 22314
Telephone: (703) 684-8007
Facsimile:  (703) 684-8075


Daniel P. Struck (D.C. Bar No. CO0037)
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue
Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7323
Facsimile:  (602) 200-7811(direct)


Counsel for Defendants, *Corrections Corporation of America*

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was mailed to the following this 7th day of November 2005:

> Rudolph Acree, Jr.
> 1211 Connecticut Avenue, N.W.
> Suite 506
> Washington, DC 20036
> Counsel for Plaintiff, Anthony Hines

_____
Megan S. Ben'Ary