UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY HINES, DCDC 294-456, a/k/a Anthony Hines : : : Plaintiff, : : v. : : DISTRICT OF COLUMBIA, et al., : : Defendants. : : | Civil Action No. 05-2187 (RBW) |

### DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT

#### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

#### SECOND DEFENSE

#### JURISDICTION

1. The District acknowledges the statutory authority cited in paragraph one of the Complaint, but denies that jurisdiction is necessarily conferred thereby.

2. Paragraph two of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the District denies the allegations.

#### PARTIES

3. Paragraph three of the Complaint states a legal and factual conclusion to which no response is required. To the extent a response is required, the District answers that it is a municipal corporation. The District denies the remaining allegations and demands strict proof thereof at trial.

4. Paragraph four of the Complaint is directed to a party other than defendant District of Columbia, and as such, no response is necessary. To the extent an answer is required, the District admits that the Correctional Treatment Facility (CTF) is located in the District of Columbia and that CTF is operated by the Correction Corporation of America (CCA). The District lack sufficient knowledge to admit or deny the remaining allegations and therefore denies same.

5. The defendant District of Columbia is without sufficient knowledge or information as to the truth of the allegations contained in paragraph five of the Complaint and therefore, denies same.

## STATUTORY NOTICE

6. Paragraph six of the Complaint is directed to a party other than defendant District of Columbia, and as such, no response is necessary. To the extent an answer is required, the District recognizes the statute cited, but denies that plaintiff complied with the mandatory requirements of D.C. Official Code Section 12-309 (2001 ed.).

## BACKGROUND INFORMATION

7. The defendant District of Columbia is without sufficient knowledge or information as to the truth of the allegations contained in paragraph seven of the Complaint and therefore, denies the same.

8. The defendant District of Columbia is without sufficient knowledge or information as to the truth of the allegations contained in paragraph eight of the Complaint and therefore, denies same.

## CAUSES OF ACTION

### COUNT II
### (ASSAULT AND BATTERY)

9. The District incorporates by reference its responses to paragraphs one through eight of the Complaint.

10. Paragraph ten of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the District denies the allegations.

### COUNT III
### (NEGLIGENCE)

11. The District incorporates by reference its responses to paragraphs one through ten of the Complaint.

12. Paragraph twelve of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the District denies the allegations.

### COUNT IV
### (NEGLIGENT HIRING AND RETENTION)

13. The District incorporates by reference its responses to paragraphs one through twelve of the Complaint.

14. Paragraph fourteen states a legal conclusion to which no response is required. To the extent a response is required, the District denies the allegations.

15. Paragraph fifteen states a legal conclusion to which no response is required. To the extent a response is required, the District denies the allegations.

16. Paragraph sixteen states a legal conclusion to which no response is required. To the extent a response is required, the District denies the allegations.

## COUNT V
### (Constitution Claims)
**Violations of Eight-Amendment Cruel and Unusual Punishment, Due Process and Equal Protection Clause of the United States Constitution and Violati0n of Plaintiff's civil Rights Under Title 42 USC 1983**

17. The District incorporates by reference its responses to paragraphs one through sixteen of the Complaint.

18. Paragraph eighteen states a legal conclusion to which no response is required. To the extent a response is required, the District denies the allegations.

19. Paragraph nineteen states a legal conclusion to which no response is required. To the extent a response is required, the District denies the allegations.

20 Paragraph twenty and its subparts state a legal conclusion to which no response is required. To the extent a response is required, the District denies the allegations.

21. Paragraph twenty-one states a legal conclusion to which no response is required. To the extent a response is required, the District denies the allegations.

## COUNT VI
### (Negligent and Intentional Infliction of Emotional Distress)

22. This defendant incorporates by reference their responses to paragraphs one through twenty-one of the Complaint.

23. Paragraph twenty-three states a legal conclusion to which no response is required. To the extent a response is required, the District denies the allegations.

## **DAMAGES**

24. The District denies the allegation contained in paragraph twenty-four of the Complaint. The prayer for relief states legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations. The District denies all allegations not specifically responded to or answered herein.

**THIRD DEFENSE**

The District is immune from the claims of this lawsuit. Liability is barred by the doctrines of sovereign immunity, governmental immunity, qualified immunity, privilege, and discretionary function.

**FOURTH DEFENSE**

To the degree the District or their agents acting within the scope of their employment are alleged to have used force on the Plaintiff, they did so with a reasonable and good faith belief that it was necessary in the defense of third persons, or in defense of self.

**FIFTH DEFENSE**

To the degree the District or its agents acting within the scope of their employment are alleged to have used force on the Plaintiff, the force used was reasonable and not excessive.

**SIXTH DEFENSE**

Plaintiff's claims may be barred by the statute of limitations or other applicable limitation statutes.

**SEVENTH DEFENSE**

The District denies that Plaintiff necessarily satisfied the notice requirements of D.C. Official Code Section 12-309 (ed. 2001).

**EIGHTH DEFENSE**

To the extent that Plaintiff suffered any injuries alleged in the Complaint, those injuries resulted from Plaintiff's reckless, willful, and/or wantonly negligent conduct, his sole, concurrent or contributory negligence and his assumption of the risk.

**NINTH DEFENSE**

The Plaintiff failed to exhaust administrative remedies prior to filing his lawsuit as required by the Prison Litigation Reform Act, thereby precluding all claims asserted under 42 U.S.C. Section 1983.  *See* 42 U.S.C. Section 1997e(a), *et seq.*

**TENTH DEFENSE**

To the extent a defect is alleged to have caused the injuries alleged in the Complaint, the District of Columbia had no actual or constructive notice and were not the operators of the prison facility in question.

**ELEVENTH DEFENSE**

To the extent that Plaintiff was damaged and/or injured as alleged in the Complaint, said damages and/or injuries were the result of third parties not a party to this action.

**TWELFTH DEFENSE**

Plaintiff failed to mitigate his damages.  Defendants reserve the right to assert any and all defenses that are supported by facts learned through discovery or at trial herein.

**THIRTEENTH DEFENSE**

The actions or inactions of the District were not the proximate cause of plaintiff's alleged injuries or those injuries were caused by the negligence of someone other than the District, thereby reducing or eliminating any damages owed by the District.

**FOURTEENTH DEFENSE**

The District asserts all affirmative defenses which discovery may require it to

raise, specifically, but not limited to, laches, fraud, and estoppel.

### FIFTEENTH DEFENSE

The District of Columbia can not be held liable for punitive damates.

### SET-OFF

The District of Columbia claims a set-off against any judgment obtained by Plaintiff for any treatment, other benefits or assistance provided by the District of Columbia.

### JURY DEMAND

The District demands a trial by the maximum number of jurors permitted by law of all issues so triable.

**WHEREFORE**, the District demands that the Complaint be dismissed, and they be awarded the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

                Respectfully submitted,

                ROBERT J. SPAGNOLETTI
                Attorney General for the
                District of Columbia

                GEORGE VALENTINE
                Deputy Attorney General
                General Litigation Division

                _____/s/_____
                NICOLE L. LYNCH [471953]
                Section Chief, General Litigation,
                Section II

                _____/s/_____
                E. LOUISE R. PHILLIPS [422074]
                Assistant Attorney General
                441 4th Street, N.W.
                6th Floor South

Washington, D.C. 20001
(202) 724-6519 (direct)
(202) 724-6669 (main)
(email) louise.phillips@dc.gov

Case 1:05-cv-02187-RBW     Document 7     Filed 12/07/2005     Page 8 of 8