UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY HINES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CORRECTIONS CORPORATION OF )<br>AMERICA, et al. )<br>)<br>Defendants. )<br>) | Civil Action No. 05-2187<br>(RBW) |

## LOCAL RULE 16.3 MEET AND CONFER STATEMENT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.3, and the Court's Order, the parties before the Court, by and through their respective counsel for record, respectfully submit the following Joint Report:

Plaintiff maintains that at all times relevant, Plaintiff, who suffered from high blood pressure, had been committed to the care and custody of the District of Columbia Department of Corrections. Plaintiff contends that on or about April 29, 2003, Defendants failed to adequately monitor Plaintiff's medical condition, and failed to adequately administer his medications. As results thereof, Plaintiff collapsed in the shower and suffered injuries.

Defendant Corrections Corporation of America ("CCA") denies the specific allegations of the Plaintiff, denies that it was responsible for the injuries to the Plaintiff, and denies specifically that it was responsible for Plaintiff's medical care.

Defendant District of Columbia denies it was responsible for the injuries of the Plaintiff, and denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

1. Defendants CCA and the District of Columbia believe that the claims against them are likely to be disposed of by motion filed after the close of discovery. Plaintiff believes that it is unlikely that the matter will be disposed of as against one or more defendants by dispositive motion. The parties believe that a deadline for dispositive motions should be set at the conclusion of all discovery.

2. The parties do not anticipate requiring the addition of any parties or any further amendments to the pleadings. Should any party determine that it is appropriate to add an additional party or to amend the pleadings, the Parties believe that any amendment to the pleadings and or the addition of additional parties should occur within 60 days of the Scheduling Order

3. The parties do not believe that the matter should be set before a magistrate judge for all purposes, including trial, but do agree that mediation should be conducted by a magistrate judge.

4. The Parties believe that there is a realistic possibility of settling the case after reasonable opportunity for discovery.

5. The parties are willing to have the matter referred to mediation after factual discovery has been completed.

6. The parties propose the following case management schedule for consideration by the Court:

(a) Initial disclosures under 26 (a) (1) should be made within 30 days following the scheduling conference.

(b) Factual discovery should be completed by August 25, 2006. All written discovery requests are to be served by June 15, 2006.

(c) Plaintiff's Federal Rule of Civil Procedure 26(a)(2) Statements should be served by September 24, 2006; defendant's 26(a)(2) Statements should be served by October 24, 2006. All expert discovery, including depositions, should be concluded by December 1, 2006.

7. This is not a class action.

8. The parties do not believe that discovery should be bifurcated or managed in phases at this time. The District of Columbia believes that the trial should be bifurcated with respect to the constitutional issues. To the extent that Plaintiff intends to seek punitive damages, CCA believes that bifurcation on the punitive damages aspect would be appropriate.

9. The parties propose that a final pretrial conference be set within 60 days after the Court rules on dispositive motions.

10. The parties agree that the Court should defer setting a trial date until the final pretrial conference.

_____/s/_____
Rudolph Acree, Esq.
1211 Connecticut Avenue, N.W.
Suite 506
Washington, D.C.  20036
202-331-1961
202-331-7004 (facsimile)
*Counsel for Plaintiff*

LeCLAIR RYAN, A Professional Corporation


By:     _____/s/_____
        Rebecca E. Kuehn, Esq.
        Megan S. Ben'Ary, Esq.
        225 Reinekers Lane, Suite 700
        Alexandria, VA  22314
        703-684-8007
        703-684-8075 (facsimile)

Daniel P. Struck, Esq.
JONES, SKELTON & HOCHULI
2901 North Central Avenue, Suite 800
Phoenix, AZ  85102
602-263-1700
602-200-7811 (facsimile)
*Counsel for Defendant Corrections Corporation of America*

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
General Litigation Division

_____/s/_____
NICOLE L. LYNCH [471953]
Section Chief, General Litigation, Section II

_____/s/_____
E. LOUISE R. PHILLIPS [422074]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 724-6519 (direct)
(202) 724-6669 (main)
(email) louise.phillips@dc.gov

**Counsel for Defendant District of Columbia Government**