# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **ANTHONY HINES, DCDC 294-456** * <br> a/k/a Anthony Hines * <br> 1211 Connecticut Avenue * <br> Suite 506 * <br> Washington, DC 20036 * <br> * <br> Plaintiff, * <br> * <br> vs. * <br> * <br> * <br> **Corrections Corporation of** * <br> **America, Inc. (CCA),** * <br> **A Foreign Corporation** * <br> 1901 E Street, SE * <br> Washington, DC 20003 * <br> * <br> & * <br> * <br> **District of Columbia Government** * <br> **A Municipal Corporation For the** * <br> **Intentional and Negligent Acts and** * <br> **Omissions of Its Agents and Agencies** * <br> c/o Darlene Fields * <br> D.C. Department of Corrections * <br> 441 4th Street N.W. * <br> 6th Floor South * <br> Washington D.C. 20001 * <br> & * <br> * <br> **Jane or John Doe** * <br> **Corrections Corporation Of America (CCA)** * <br> 1901 E. Street, SE * <br> Washington, DC 20003 * <br> & * <br> * <br> **Tabitha Braxton** * <br> **Office of the Mayor** * <br> 1350 Pennsylvania Ave. N.W. * <br> Suite 419 * <br> Washington D.C. 20004 * <br> **Defendants** * | **C.A. NO.** <br> **Jury Demand** <br> <br> 05-0005400 |

[RECEIVED CIVIL CLERK'S OFFICE AUG 1 1 2005 SUPERIOR COURT OF THE DISTRICT OF COLUMBIA WASHINGTON, DC]

*************************************************************************

1. Jurisdiction of this court is involved pursuant to Title 42 U.S.C. 1983 Civil Rights Act; the Eight Amendment Cruel and Unusual Punishment Clause of the United States Constitution; Title 28 U.S.C. 1331; Federal Question; the Court's Pendent and Ancillary Jurisdiction over Plaintiff's common law claims. The Fifth and Fourteenth Amendments Equal Protection and Due Process Clause of the United States Constitution.

2. All of the facts supporting the claims levied herein took place in the District of Columbia.

## PARTIES

3. The District of Columbia, (hereinafter referred to as the "District") is a municipal corporation and employer of the other defendants, and was at all times herein relevant to this Complaint, the employer of and responsible for the hiring, training, supervision, retaining in its employ, and continued employment of all members and/or correctional officers of the Correctional Treatment Facility in conjunction with the Corrections Corporation of America, Inc., (hereinafter CCA), 1901 E Street, SE, Washington, DC. The District is sued both directly for its tortious conduct and vicariously for the tortious conduct of its agents, officers, and employees acting within the course and scope of their employment and under color of law and/or usage.

4. Corrections Corporation of America, Inc. (hereinafter CCA), is a corporation operating as a Correctional Facility within the District of Columbia and is duly incorporated in the State of Maryland. At all times herein, Jane or John Doe and Others Unknown, were employees, agents, servants and or independent contractors of the Correctional Treatment Facility a subsidiary of the Corrections Corporation of America,

Inc. and said Corporation is and remain liable for all of the intentional and negligent acts and omissions.

5. Jane or John Doe and Others Unknown, at all times herein were employees, agents, servants and or independent contractors of the defendants Corrections Corporation of America, Inc. as a subsidiary of the District of Columbia Government, acting within the scope of his or her employment. Officer Doe's responsibilities included but are not limited to the detention, safety and supervision of arrestees. Officer Doe is sued individually and in his or her official capacity.

## STATUTORY NOTICE

6. On September 30, 2003 the plaintiff did give notice to the Defendants of their claim for unliquidated damages, pursuant to and in compliance with D.C. Code § 12-309 (1981 ed., as amended).

## BACKGROUND INFORMATION

7. On or about October 6, 2002, Plaintiff Hines became an inmate under the D.C. Department of Corrections. Plaintiff Hines was initially housed at the D.C. Jail. He was thereafter moved to the Correctional Treatment Facility a subsidiary of the Corrections Corporation of America under the D.C. Department of Corrections. Mr. Hines had been, prior to his incarceration, diagnosed as an individual with high blood pressure and was directed to take prescribed medicine daily. At least one of Mr. Hines' blood pressure prescriptions was filled but not administered to Mr. Hines despite a number of formal requests for his medicine. Mr. Hines did not receive his prescribed daily blood pressure medicine for more than thirty (30) days.

8. On or about April 29, 2003 Mr. Hines collapsed while in the shower because he was not administered his blood pressure medication. Mr. Hines was taken to the hospital. He suffered head, neck and back injuries, in addition to emotional and mental injuries as a result of the aforementioned negligence.

## CAUSES OF ACTION

### COUNT II
### (ASSAULT AND BATTERY)

9. Plaintiffs adopt and incorporate paragraphs 1-8 of this complaint herein as if fully set forth below.

10. The actions and/or omissions of the defendants while acting under the color of law and authority of the District and CCA constitute the battery and assault of the plaintiff thereby causing injury to the person and emotions of the plaintiff.

### COUNT III
### (NEGLIGENCE)

11. Plaintiffs adopt and incorporate paragraphs 1-10 of this complaint herein as if fully set forth below.

12. The actions and/or omissions of the defendants while acting under the color of law and authority of the District and CCA were negligent where the Plaintiff's injuries were the proximate cause of the defendants actions or failures to act in a reasonable manner and where defendants had a duty and obligation to the Plaintiff to administer the requisite medication needed by the Plaintiff during his incarceration at the Correctional Treatment Facility.

## COUNT IV
## (NEGLIGENT HIRING AND RETENTION)

13. Plaintiffs adopt and incorporate paragraphs 1-12 of this complaint herein as if fully set forth below.

14. Defendant Doe and Others Unknown, by being employed by The District and its subsidiary CCA was incompetent during his respective employ by acting on his own accord and under the guise of his or her employment by failing to administer the requisite prescription medicine needed by Plaintiff Hines.

15. That both Defendants had actual or constructive knowledge of such incompetence of Defendant Doe and Others Unknown. In addition, that Defendant Doe's and Others Unknown, illegal acts or omissions and the resulting mental and physical pain and suffering endured by the Plaintiff were caused by the Defendants, The District and CCA.

16. This was done through The District and CCA's extremely negligent selection in hiring or retaining and failing to properly train, supervise and monitor the movements and behavior of employees as Defendant Doe and Others Unknown.

## COUNT V
## (Constitutional Claims)
**Violations of Eight-Amendment Cruel and Unusual Punishment, Due Process and Equal Protection Clause of the United States Constitution and Violation of Plaintiff's Civil Rights Under Title 42 USC 1983**

17. Plaintiffs adopt and incorporate paragraphs 1-18 of this complaint herein as if fully set forth below.

18. The intentional, malicious and inhumane acts of denying the Plaintiff medication necessary in the daily maintenance of his life and well being, of the Defendant Doe and Others Unknown were with the sole and deliberate intent to punish the Plaintiff without

logical reasons or any penological purposes. Such illegal acts constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

19. At all times herein, Defendant Doe and Others Unknown, were acting under the color of law as a District of Columbia Correctional Officer and his or her malicious acts of punishment were performed without due process of the law and without equal protection of the Law, in violation of the Fifth Amendment to the United States Constitution as it incorporates the Fourteenth Amendment's Equal Protection Clause.

20. The malicious acts of Defendant Doe and Others Unknown by denying the Plaintiff his medication that resulted in the subsequent mental and physical injuries were the direct consequences of the District of Columbia and CCA custom and usage and long lived policy of:

    a. Failure to train, and otherwise properly train Defendant and its Correctional Officers and employees as to how to respond and deal with an inmate's need for medication on a daily basis.

    b. Failure to supervise or properly supervise Defendant and its Correctional Officers and employees who were the sole and proximate cause of Plaintiff Hines being denied his medication and thus resulting in subsequent injury to Plaintiff Hines.

    c. Failure to properly select Correctional Officers and other employees, failure to perform background checks into employee and prospective employees' past to determine whether said applicants are fit for the various positions within the facility, including but not limited to Correctional Officer; and

    d. The District of Columbia City Counsel, the Legislative Branch of the District of Columbia, the Director of the District of Columbia Department of Corrections,

CCA, failure to create guidelines, policies, procedures and training geared at protecting and serving those inmates that require extra attention in the form of the daily administration of medication necessary to maintain good health and well being, while in their care.

21. As a result of the aforementioned illegal acts and acts of omission, Plaintiff sustained mental and physical injuries.

## COUNT VI
### (Negligent and Intentional Infliction of Emotional Distress)

22. Plaintiff adopts and incorporates paragraphs 1-22 of this complaint herein as if fully set forth below.

23. The acts and or omissions of the Defendants in denying the Plaintiff his medication so necessary in the maintenance of the Plaintiff's health and well-being while under the Defendant's care, was so extreme and outrageous, as to go beyond all possible bounds of decency, and should be deemed as "atrocious and utterly intolerable in a civilized community." § 46, Second Restatement of Torts.

## DAMAGES

24. As a direct and proximate result of the actions and/or omissions of the Defendants as a aforementioned in each count herein, the Plaintiff Hines did suffer severe personal and permanent injuries to his person as well as severe emotional distress and mental anguish, distress and pain. Additionally, Plaintiff Hines has incurred medical expenses for the treatment of the injuries sustained at the hands of the Defendants and may incur future medical expenses.

## PRAYER

**WHEREFORE,** Plaintiff Hines prays that he be awarded judgment jointly and severally as against each Defendant to this complaint, compensatory damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) and THREE MILLION DOLLARS ($3,000,000.00) in punitive damages as against Defendants.

## JURY DEMAND

Plaintiff respectfully demands a jury trial.

Respectfully Submitted,

Rudolph Acree, Jr.
D.C. Bar # 434873
Counsel for Plaintiff
1211 Connecticut Avenue, N.W.
Suite 506
Washington, DC 20036
(202) 331-1961