UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ANTHONY HINES                )
                             )
        Plaintiff,            )
                             )  No. 05-2187 (RBW)
v.                           )

CORRECTIONS CORPORATION OF
AMERICA, et al.

        Defendants

and

DISTRICT OF COLUMBIA, Defendant and
Third-Party Plaintiff,

v.

CENTER FOR CORRECTIONAL
HEALTH AND POLICY STUDIES, INC.,
Third Party Defendant.

---

### LOCAL RULE 16.3 MEET AND CONFER STATEMENT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.3, and the Court's Order, the parties before the Court, by and through their respective counsel for record, respectfully submit the following Joint Report:

Plaintiff maintains that at all times relevant, Plaintiff, who suffered from high blood pressure, had been committed to the care and custody of the District of Columbia Department of Corrections. Plaintiff contends that on or about April 29, 2003, Defendants failed to adequately monitor Plaintiff's medical condition, and failed to adequately administer his medications. As results thereof, Plaintiff collapsed in the shower and suffered injuries.

Defendant Corrections Corporation of America ("CCA") denies the specific allegations of the Plaintiff, denies that it was responsible for the injuries to the Plaintiff, and denies specifically that it was responsible for Plaintiff's medical care.

Defendant District of Columbia denies it was responsible for the injuries of the Plaintiff and denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy of custom.

Third Party Defendant, Center for Correctional Health & Policy Studies, denies the specific allegations of Defendant and Third Party Plaintiff, District of Columbia, that it owes indemnity to the Third Party Plaintiff and Defendant, District of Columbia, either by contract or Common Law.  Further, Third Party Defendant denies any allegations of negligence, wrongdoing, or deliberate indifference with respect to any of the health care treatment provided to Plaintiff.

1. Defendants CCA and the District of Columbia, as well as Third Party Defendant, Center for Correctional Health & Policy Studies, Inc. ("CCHPS"), believe that the claims against them are likely to be disposed of by motion filed after the close of discovery.  Plaintiff believes that it is unlikely that the matter will be disposed of as against one or more defendants by dispositive motion.  The parties believe that a deadline for dispositive motions should be set at the conclusion of all discovery.

2. The parties do not anticipate requiring the addition of any parties or any further amendments to the pleadings.  Should any party determine that is appropriate to add an additional party or to amend the pleadings, the Parties believe that any amendment to the pleadings and or the addition of any parties should occur within 60 days of the Scheduling Order.

3. The parties do not believe that the matter should be set before a magistrate judge for all purposes, including trial, but do agree that mediation should be conducted by a magistrate.

4. The parties believe that there is a realistic possibility of settling the case after reasonable opportunity for discovery.

5. The parties are willing to have the matter referred to mediation after factual discovery has been completed.

6. The parties propose the following case management schedule for consideration by the Court:

(a) Initial disclosures under 26(a)(1) should be made within 30 days following the scheduling conference.

(b) Factual discovery should be completed by September 29, 2006.  All written discovery requests are to be served by July 17, 2006.

(c) Plaintiff's Federal Rule of Civil Procedure 26(a)(2) Statement should be served by October 27, 2006; defendants'/Third Party Defendant 26(a)(2) Statements should be served by November 27, 2006.  All expert discovery, including depositions, should be concluded by January 1, 2007.

7. This is not a class action.

8. The parties do not believe that discovery should be bifurcated or managed in phases at this time. The District of Columbia believes that the trial should be bifurcated with respect to constitutional issues. To the extent that Plaintiff intends to seek punitive damages, CCA believes that bifurcation on the punitive damages aspect would be appropriate.

9. The parties propose that a final pretrial conference be set within 60 days after the Court rules on dispositive motions.

10. The parties agree that the Court should defer setting a trial date until the final Pretrial conference.

　　　/s/  
Rudolph Acree, Jr., Esquire  
1211 Connecticut Ave., NW, Suite 506  
Washington, DC  20036  
Counsel for Plaintiff


　　　/s/  
Megan S. Ben'Ary, Esquire  
LeClair & Ryan  
225 Reinekers Lane, Suite 700  
Alexandria, VA  22314  
Counsel for Corrections Corp. of America, Inc.

Daniel P. Struck, Esquire  
Jones, Skelton & Hochuli  
2901 North Central Avenue, Suite 800  
Phoenix, AZ  85012  
Counsel for Corrections Corp. of America, Inc.


　　　/s/  
E. Louise R. Phillips, Esquire  
Asst. Attorney General for the District of Columbia  
441 Fourth Street, N.W., 6th Floor South  
Washington, DC  20001  
Counsel for District of Columbia

　　　/s/  
Leo A. Roth, Jr., Esquire  
Brault Graham, P.L.L.C.  
110 South Washington Street  
Rockville, MD  20850  
Counsel for Center for Correctional Health & Policy Studies, Inc.