UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ANTHONY HINES                )
                                   )
         Plaintiff,         )
                                   )  No. 05-2187 (RBW)
v.                                 )

CORRECTIONS CORPORATION OF
AMERICA

and

DISTRICT OF COLUMBIA, Defendant and
Third Party Plaintiff

v.

CENTER FOR CORRECTIONAL
HEALTH AND POLICY STUDIES, INC.
Third Party Defendant.

_____

### <u>STATEMENT OF MATERIAL FACTS FOR WHICH THIRD PARTY DEFENDANT, CENTER FOR CORRECTIONAL HEALTH & POLICY STUDIES, CONTENDS THERE IS NO GENUINE DISPUTE</u>

        COMES NOW, Third Party Defendant, The Center for Correctional Health & Policy Studies, Inc. ("CCHPS"), through counsel, Leo A. Roth, Jr, Esquire and Brault Graham, P.L.L.C., and in support of its Motion for Summary Judgment, files this Statement of Material Facts for which Third Party Defendant contends there is no genuine dispute:

1.      Plaintiff originally filed this matter in the Superior Court for the District of Columbia on August 11, 2005, against Corrections Corporation of America, Inc. (CCA), the District of Columbia Government (D.C. Department of Corrections), Jane or John Doe, Corrections Corporation of America (CCA), and Tabitha Braxton, Office of the Mayor.  The case was then

removed to the United States District Court by motion of Defendant, Corrections Corporation of America, on November 7, 2005.

2.      Defendant, District of Columbia, filed a Third Party Complaint to bring Center of Correctional Health & Policy Studies, Inc. ("CCHPS") into this case on May 9, 2006.

3.      CCHPS forwarded discovery requests to Plaintiff on June 13, 2006.  Unexecuted responses were received by the undersigned on January 8, 2007.  The responses of Plaintiff are attached hereto as Exhibit 1.

4.      Plaintiff's Complaint alleges a violation of the Eighth Amendment (Cruel and Unusual Punishment), assault and battery, and negligent and intentional infliction of emotional distress as a result of an alleged failure to be given his prescribed blood pressure medication for 28 days.

5.      Mr. Hines was diagnosed with hypertension at the age of 28 in 1991.  He was treated with the medication Inderal.

6.      Plaintiff was incarcerated in the DC Jail from October 2002 to May 2003.

7.      While incarcerated in the DC Detention Facility beginning October 2002 to March 11 2003, plaintiff was treated for both depression and high blood pressure and was given medications for both disorders.

8.      Plaintiff was transferred from the DC Detention to the Correctional Treatment Facility (CTF) on March 11, 2003.

9.      The medications given to Mr. Hines during his incarceration included Inderal, Doxepin HCL, Maxzide, Sinequan, and Celexa.

10.     Plaintiff was non-compliant for a period of time while incarcerated during 2002 with respect to taking his medications, as evidenced by his refusal to take prescribed medication for

both depression and hypertension. This is noted in both the medical records for Mr. Hines, as well as his deposition, taken in this matter on September 1, 2006, page 39.

11.     Prior to his transfer to CTF on March 11, 2003, Plaintiff was given a packet of pills for his blood pressure that he was to take one time per day. He does not recall the number of pills given to him, but testified that it was more than 15 pills. (See *Hines Deposition*, page 41-42, 48.)

12.     Plaintiff alleges that on April 29, 2003, he became dizzy while in the shower at CTF, causing him to fall, where he claims to have sustained head, back, and elbow injuries.

13.     Mr. Hines was taken to George Washington University Medical Center for evaluation following the fall, where he was treated and released. This treatment included CTs of the head and spine. The head CT showed no intracranial pathology, while the spinal CT showed degenerative arthritis.

14.     Mr. Hines was released from the DC Jail in May 2003.

15.     Plaintiff has not had a primary care physician since his release in 2003.

16.     Plaintiff testified in his deposition that he is currently taking Inderal for his hypertension, which he has obtained from either a hospital emergency room or a community center in North Carolina for those without insurance. (See *Hines Deposition,* pages 31-32.)

17.     Plaintiff admitted that between the ages of 28 when he was diagnosed with hypertension, and 39 when he was incarcerated at the DC Jail, he would take his blood pressure medication only when he had the money. (See *Hines Deposition*, pages 34-35.)

18.     According to the Court's Scheduling Order, Plaintiff's was to file his expert disclosure statement on November 17, 2006. Plaintiff did not file this expert statement. Further, his Answers to Interrogatory 16 of the Interrogatories of CCHPS to Plaintiff, clearly states that he does not have any experts to testify on his behalf.

Respectfully submitted,

BRAULT GRAHAM, P.L.L.C.


_____/s/ Leo A. Roth, Jr._____
LEO A. ROTH, JR.   #11604
110 South Washington Street
Rockville, MD  20850
(301) 424-1060
Counsel for the Center for Correctional Health and
Policy Studies, Inc.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of January 2007, the foregoing **Statement of Material Facts for Which Third Party Defendant, Center for Correctional Health & Policy Studies, Inc., Contends There Are No Genuine Issues in Support of Motion for Summary Judgment,** was mailed, via first class mail to:

Shana Lyn Frost, Esquire
Asst. Attorney General for the District of Columbia
441 Fourth Street, N.W., 6th Floor South
Washington, DC  20001
Counsel for District of Columbia

Rudolph Acree, Jr., Esquire
1211 Connecticut Ave., NW, Suite 506
Washington, DC  20036
Counsel for Plaintiff

Daniel P. Struck, Esquire
Jones, Skelton & Hochuli
2901 North Central Avenue, Suite 800
Phoenix, AZ  85012
Counsel for Corrections Corp. of America, Inc.

Megan Starace Ben'Ary, Esquire
LeClair & Ryan
225 Reinekers Lane, Suite 700
Alexandria, VA  22314
Counsel for Corrections Corp. of America, Inc.


                                         /s/      Leo A. Roth
                                    LEO A. ROTH, JR.