## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTHONY HINES | * | |
| Plaintiff | * | |
| v. | * | No. 05-2187 (RBW) |
| CORRECTIONS CORPORATION OF AMERICA, et al. | * | |
| Defendants | * | |
| and | * | |
| DISTRICT OF COLUMBIA, Defendant And Third-Party Plaintiff, | * | |
| v. | * | |
| CENTER FOR CORRECTIONAL HEALTH AND POLICY STUDIES, INC., Third Party Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S ANSWERS TO CCHPS' FIRST SET OF INTERROGATORIES

TO:   CENTER FOR CORRECTIONAL HEALTH AND POLICY STUDIES
c/o Leo Roth, Esquire
Brault Graham, LLC
101 South Washington Street
Rockville, Maryland 20850

FROM:   PLAINTIFF ANTHONY HINES
Rudolph Acree Jr, Esq.
Attorney for Plaintiff
1211 Connecticut Avenue NW
Suite 506
Washington, DC  20036



DEFENDANT'S EXHIBIT 1

## RESERVATION OF RIGHTS

Any responses to the document requests and/or interrogatories are made subject to Plaintiff's right to object to the admission of any and all such responses on the grounds that they, or any of them, are irrelevant to the issues in this action or are otherwise inadmissible. Plaintiff responds to the requests subject to the accompanying objections, without waiving and expressly preserving all such objections. Plaintiff also submits these responses subject to, without intending to waive and expressly preserving: (a) any objections as to privilege or work product and (b) the right to object to other discovery procedures concerning the subject matter of the document requests and/or interrogatories to which it responds herein. These responses are based on Plaintiff's present knowledge, information and belief and are subject to amendment and supplementation as Plaintiff acquires additional information or documents.

## GENERAL OBJECTIONS

1.  Plaintiff objects to the Definitions, and Instructions to the extent they seek or purport to impose upon Plaintiff obligations other than those imposed by the Federal Rules of Civil Procedure or the Local Civil Rules of the Court. Plaintiff's objections to the requests are prescribed by, and Plaintiff hereby responds in accordance with, the Federal Rules of Civil Procedure and the Local Civil Rules of the Court.

2.  Plaintiff objects to the requests to the extent it seeks attorney work-product, trial preparation materials, identification of documents prepared after the commencement of this litigation, or communications protected by the attorney-client privilege or any other applicable privilege. Inadvertent identification or production of any such document or information shall not constitute a waiver of any privilege with respect to the subject matter thereof or the information contained therein, and shall not waive Plaintiff's right to object to the use of any such document or the information contained therein during any subsequent proceeding in this case.

3.  Plaintiff objects to the requests to the extent it requests documents not within its possession, custody or control.

4.  Plaintiff objects to the requests to the extent that the documents requested therein are equally accessible to, or in the possession of, the defendant and/or the defendant's counsel.

5.  Plaintiff objects to the requests and/or interrogatories to the extent that it calls for disclosure of personal information about individuals who are not parties to this action.

6.  Plaintiff objects to the requests and/or interrogatories to the extent that it seeks documents and/or evidence that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

7.  Plaintiff objects to the requests to the extent that the requests contained therein are vague, ambiguous, overly broad or unduly burdensome.

8.  Plaintiff objects to the requests and/or interrogatories to the extent that the document requests and/or the interrogatories contained therein call for a legal conclusion.

9.  By responding to interrogatories and/or producing documents in response to any of the specific interrogatories and/or document requests, Plaintiff does not waive his right to object to the use of any such evidence, documents or the information contained therein during any subsequent proceeding for any reason including, but not limited to, relevancy objections.

10. To the extent any of the document requests and/or interrogatories are premised on disputed allegations, Plaintiff response to those items shall not be deemed an admission of any such disputed allegations.

11. Each and every response to a document request and/or interrogatory is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the response. The explicit reference to a General Objection or the making of a specific objection in response to a particular document request and/or interrogatory is not intended to constitute a waiver of the General Objections that are not specifically referenced in that response

Responses to Interrogatories

1.  State the date on which you were first incarcerated at the DC Detention Facility.

**ANSWER:    On or about October 7, 2002.**

2.  State the names and dosage of all blood pressure medications given to you since you were first incarcerated at the Detention Facility

**ANSWER:    I do not recall the name and or dosage of the blood pressure medications given to me since I was first incarcerated at the D.C. Detention Facility.**

3.  State if you have ever refused to take any medication, including blood pressure medication, given to you while you were incarcerated at the DC Detention Facility.

**ANSWER:    I did initially refuse to take the blood pressure medication**

3

prescribed to me while I was incarcerated while at the DC Detention Facility.

4. If your answer to the Interrogatory above is anything other than "No"

    a) state the reason for such refusal;
    b) state the date of such refusal;
    c) state the medication refused;
    d) state the date that you once again began to take this medication

ANSWER: a). Due to the fact that I had never been incarcerated before, I was suffering from major depression and I was fearful of every aspect of being locked up. I just did not trust the people at the facility. b). I do not recall the exact date(s) I refused the medication. c). I do not recall the specific medication that I refused. d). I do not recall the date that I began to take the medication.

5. State the basis for your allegation in Paragraph 8 of your Complaint that you collapsed in the shower as the result of not receiving your blood pressure medication.

ANSWER: Among other things, I oftentimes felt very lightheaded and dizzy and I believe that this was due to the fact that I was not receiving my requested blood pressure medication. When I passed out, upon information and belief, it was due to failure to control my blood pressure.

6. State the name and dosage of the blood pressure medication you allege was not provided to you.

ANSWER: I do not recall the name and dosage of the blood pressure medication I was not provided.

7. State when the blood pressure medication, named in your response to Interrogatory number 6 above, was last provided to you.

ANSWER: I do not recall when, if ever, the blood pressure medication was provided to me.

4

8. State the basis for your allegation in Paragraph 18 of your Complaint that your medication was not given to you in an attempt to punish you.

**ANSWER: Although, in writing and orally, on numerous occasions I requested my blood pressure medication, I never received it.**

9. State the names and position of any personnel whom you claim deliberately withheld your medication.

**ANSWER: I complained to every individual that I came into contact with who worked at the facility about the fact that I had not received my blood pressure medication. I do not recall any of their names.**

10. State with precision the nature and location of all injuries, bodily, mental, or emotional that you claim were suffered by you as a result of the occurrence herein involved, indicating which of such injuries, if any, are permanent in nature and the nature of your present complaints.

**ANSWER: As a result of the fall, I continue to have headaches, back pain, pain in my right elbow, and I have recurring nightmares.**

11. For any of the above injuries that you claim are permanent in nature, set forth in detail the nature of such permanent injury, the disability claimed to result therefrom, and the name of the physicians or experts making such prognosis.

**ANSWER: Due to a lack of money, I was not able to complete my medical treatment, and as a result I do not believe that there has been a final prognosis regarding my injuries.**

12. State which of the above alleged injuries you attribute directly to any action(s) specifically on the part of Defendant, Center for Correctional Health and Policy Studies, Inc.

**ANSWER: My headaches, back pain, right elbow pain, and recurring nightmares.**

13. Please state where, when, and the nature of all offenses you have been

5

convicted of and list the court, the docket reference, and whether you were represented by counsel for each such conviction. If you have been convicted of a crime, for each charge:

a) state the date of conviction;
b) the jurisdiction of the conviction;
c) the date of the guilty plea;
d) the sentence imposed.

**ANSWER:** **1992 conviction in Raleigh, North Carolina; 2002 conviction in Washington, DC. I do not have any additional information regarding these convictions at this time.**

14. Do you contend that any employee of CCHPS made an admission of fault or any oral statement that you contend to be against the interest of CCHPS? If so, state:

a) what was said;
b) the date on which it was said;
c) the name of the CCHPS employee who made the statement;
d) the title or employment status of each person whom you contend made each statement;
e) the name of every individual who heard the statement.

**ANSWER:** **At this time I do not recall any statements made by any employee of CCHPS regarding any admissions of fault.**

15. List the name and address of all health care providers you have seen for any examinations and/or treatments of your high blood pressure.

**ANSWER:** **I was treated at Wilson Medical Center in Wilson, North Carolina for high blood pressure. I do not recall the specific address of Wilson Medical Center.**

16. State the name and address of all experts, including physicians, whom you propose to call as witnesses in this matter. Include the area or field in which each qualifies as an expert, the substance of the facts and opinions to which they are expected to testify, and a summary of the grounds for each opinion.

6

Attach copies of any and all opinions rendered by any expert against this Defendant.

**ANSWER:** **I do not have the name of any experts, physicians or otherwise whom I propose to call as a witness in this case at this time.**

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_____
Anthony Hines

CERTIFICATE OF SERVICE

I HEREBY certify that on this 3rd day of January 2007, I served a copy of the foregoing document by US mail to Leo A. Roth, Esquire Brault Graham, LLC 101 South Washington Street, Rockville Maryland 20850; E. Louise R. Phillips, Assistant Attorney General, 441 4th Street NW 6th Floor South Washington, DC 20001; Daniel P. Struck, Esquire, Jones Skelton and Hochuli, 2901 North Central Avenue, Suite 800 Phoenix, AZ 85012, and Megan S. Ben'Ary, Esquire LeClair and Ryan, 225 Reinekers Lane, Suite 700, Alexandria, VA 22314.

_____
Rudolph Acree Jr.