## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANTHONY HINES                             *

     Plaintiff                        *

v.                                        *        No. 05-2187 (RBW)

CORRECTIONS CORPORATION OF                *
AMERICA, et al.
     Defendants                       *

and                                       *

DISTRICT OF COLUMBIA, Defendant
And Third-Party Plaintiff,                *

v.                                        *

CENTER FOR CORRECTIONAL                    *
HEALTH AND POLICY STUDIES, INC.,
Third Party Defendant.                    *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### PLAINTIFF'S ANSWERS TO DISTRICT OF COLUMBIA'S INTERROGATORIES

TO:     The District of Columbia
          c/o E. Louise Phillips
          Assistant Attorney General
          441 4th Street NW
          6th Floor South
          Washington, DC 20001


FROM:    PLAINTIFF ANTHONY HINES
          Rudolph Acree Jr, Esq.
          Attorney for Plaintiff
          1211 Connecticut Avenue NW
          Suite 506
          Washington, DC 20036



DEFENDANT'S
EXHIBIT
2

## RESERVATION OF RIGHTS

Any responses to the document requests and/or interrogatories are made subject to Plaintiff's right to object to the admission of any and all such responses on the grounds that they, or any of them, are irrelevant to the issues in this action or are otherwise inadmissible. Plaintiff responds to the requests subject to the accompanying objections, without waiving and expressly preserving all such objections. Plaintiff also submits these responses subject to, without intending to waive and expressly preserving: (a) any objections as to privilege or work product and (b) the right to object to other discovery procedures concerning the subject matter of the document requests and/or interrogatories to which it responds herein. These responses are based on Plaintiff's present knowledge, information and belief and are subject to amendment and supplementation as Plaintiff acquires additional information or documents.

## GENERAL OBJECTIONS

1.    Plaintiff objects to the Definitions, and Instructions to the extent they seek or purport to impose upon Plaintiff obligations other than those imposed by the Federal Rules of Civil Procedure or the Local Civil Rules of the Court. Plaintiff's objections to the requests are prescribed by, and Plaintiff hereby responds in accordance with, the Federal Rules of Civil Procedure and the Local Civil Rules of the Court.

2.    Plaintiff objects to the requests to the extent it seeks attorney work-product, trial preparation materials, identification of documents prepared after the commencement of this litigation, or communications protected by the attorney-client privilege or any other applicable privilege. Inadvertent identification or production of any such document or information shall not constitute a waiver of any privilege with respect to the subject matter thereof or the information contained therein, and shall not waive Plaintiff's right to object to the use of any such document or the information contained therein during any subsequent proceeding in this case.

3.    Plaintiff objects to the requests to the extent it requests documents not within its possession, custody or control.

4.    Plaintiff objects to the requests to the extent that the documents requested therein are equally accessible to, or in the possession of, the defendant and/or the defendant's counsel.

5.    Plaintiff objects to the requests and/or interrogatories to the extent that it calls for disclosure of personal information about individuals who are not parties to this action.

6.    Plaintiff objects to the requests and/or interrogatories to the extent that it seeks documents and/or evidence that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

7.    Plaintiff objects to the requests to the extent that the requests contained therein are vague, ambiguous, overly broad or unduly burdensome.

8.    Plaintiff objects to the requests and/or interrogatories to the extent that the document requests and/or the interrogatories contained therein call for a legal conclusion.

9.    By responding to interrogatories and/or producing documents in response to any of the specific interrogatories and/or document requests, Plaintiff does not waive his right to object to the use of any such evidence, documents or the information contained therein during any subsequent proceeding for any reason including, but not limited to, relevancy objections.

10.    To the extent any of the document requests and/or interrogatories are premised on disputed allegations, Plaintiff response to those items shall not be deemed an admission of any such disputed allegations.

11.    Each and every response to a document request and/or interrogatory is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the response. The explicit reference to a General Objection or the making of a specific objection in response to a particular document request and/or interrogatory is not intended to constitute a waiver of the General Objections that are not specifically referenced in that response

Responses to Interrogatories

1.    State your full name; date of birth; current address; and any aliases you have ever been known by.
**ANSWER: Anthony Hines January 1, 1963.**

2.    Please identify (i.e. name, address and telephone number) all witnesses to any part of the events alleged in your complaint including those which underlie your claim that the defendant were negligent and those who support your claim as to the nature and extent of your injuries.
**ANSWER: Myself and unknown defendants who were responsible for failinf to provide me with my blood pressure medication.**

3.    Please state every fact upon which you base your assault and battery claim as outlined in Count II and list every witness with knowledge of these events. Produce any documents relevant to this claim.

**ANSWER: My assault and battery claim in Count II of my complaint is based on the fact the refusal to provide my blood pressure medication was intentional. The documentation, generated while I was incarcerated at CCA, noting my numerous requests for my medication will support my claim.**

4.  Please state every fact upon which you base your negligent hiring and retention claim as outlined in Count IV and list every witness with knowledge of these events. Produce any document relevant to this claim.

**ANSWER: I base this claim on the fact that the people who were supposed to provide me my medication did not provide said medication, even though I followed all of the appropriate procedures to request it. Therefore, the people who were hired were incompetent and should not have had those positions. To my knowledge, this is not the first time an inmate has not been given the medication they were supposed to receive. However, I am not aware that anyone has been terminated because they did not give an inmate the medication they were supposed to receive.**

5.  Please state every fact upon which you base your constitutional claims as outlined in Count V and list every witness with knowledge of these events. Produce any documents relevant to this claim.

**ANSWER: I requested my medication, the defendant knew or should have known that that I needed my medication to maintain my health and well being, yet the defendant unreasonably and intentionally failed to provide my blood pressure medication. Witnesses will be Mr. Hines and unknown defendant's who were responsible for providing his blood pressure medication.**

6.  If you contend that the applicable standards of care and treatment and any other issues in this matter are established by any articles, treatises, textbooks, or other publications identify the publication by title, source, publisher, author, date, volume, page or section if applicable.

**ANSWER:    I am unaware, at this time, of any articles, treatises, textbooks or other publications regarding the standards of care and treatment that I will rely on at this time.**

7.  Give a full and complete description of each and every act and/or omission of the medical providers, which you claim, failed to meet the applicable standard

4

of medical care as to plaintiff.    State how the action and/or omission proximately caused plaintiff's injuries.

**ANSWER: I complained to every member of the staff at CCA who I came in contact with, including many of the individuals responsible for providing medication to inmates, that I was not given my blood pressure medication. I made my request for the medication many times in writing, according to CCA's procedures, and orally. Lack of medication caused me to pass out.**

8.  State the course of medical treatment which you contend should have been received by plaintiff which would have, alone or in combination with other treatment, prevented injury to plaintiff. Included in your answer all tests, procedures, operations, discharge instructions, medical advice or any other treatment or procedures you claim should have been rendered plaintiff by medical providers. State the point in plaintiff's treatment when you contend that said procedures should have been commenced.

**ANSWER: I should have been given my blood pressure medication as prescribed.**

9.  If plaintiff ever has had regular family physicians or dentists, including psychiatrists, please fully identify (i.e. name, address and telephone number) each such physician or dentist and the inclusive dates of decedent's association with each.

**ANSWER: I did not have a regular physician or dentist.**

10. Describe the state of plaintiff's health prior to the incident in questions; if plaintiff was ever physically or mentally ill or suffered any other physical disability or injury prior to the date of the occurrence mentioned in the complaint, for each illness, disability or injury please state all the details (e.g., the nature of the illness, disability or injury and the date or dates during which such illness, disability or injury; the names, addresses and telephone numbers of all doctors, surgeons, psychiatrists, chiropractors, optometrists, dentists or podiatrists who may have seen, examined or treated her for such illness, disability or injury. Please attach a signed authorization for all such medical records.

**ANSWER:  My physical health was relatively fine except for the fact that I had/have high blood pressure.**

11. List the name, address and telephone number of all medical providers, including mental health, who have treated you for injuries you allege are proximately cause by the negligence of the defendants.

**ANSWER: George Washington Hospital; Kurtz Family Health and Wellness Center, 3011 South Raleigh Road, Wilson, NC 27893.**

12. Describe, using the appropriate medical terminology, any permanent medical condition that you allege you have sustained as a proximate cause of the negligence of the defendant and state how you contend said condition was caused. Identify those individuals who you contend support this allegation.

**ANSWER: I continue to have headaches, back pain, right elbow pain and recurring nightmares. These injuries are the result of my fall which occurred as a result of the fact that I did not receive my blood pressure medication.**

13. State in itemized form all expenses and other damages whether monetary, emotional, physical or otherwise, suffered by plaintiff, or incurred by anyone on his behalf as a result of the alleged medical negligence set forth in the complaint, including but not limited to claims for medical expense, loss of earnings and pain and suffering. Attach copies of all records upon which you rely to support said claim.

**ANSWER: I do not have all of the relevant records in my custody at this time.**

14. Provide copies of any photograph, videotape, film or any other form of tangible evidence other than medical records, which you contend supports your claim for damages.

**ANSWER: I am unaware of any photographs, videotapes or film or any other physical item that supports my claim.**

15. Identify and give the substance of each admission whether oral, written, by conduct, silence, acquiescence or otherwise, that you contend was made by any treating health care providers or other health care providers or by any person whom you allege to be their servant, agent, or employee of the District of Columbia. Identify the person making such an admission and state to whom the admission was made as well as the place and date of the admission. Provide a copy of the admission if it is in written or recorded form.

ANSWER: I am unaware of any such information at this time.

16. State complete details concerning plaintiff's educational history, including in your answer all schools attended by you, your yearly grade average and the date and manner of the termination of your education, if applicable. Please attach a signed authorization for all education records

**ANSWER: I graduated from E.T. Beddington High School in Wilson, NC in 1981.**

17. State complete details concerning plaintiff's employment history for the proceeding [sic] five (5) years. (e.g., each job he held; the job title and nature of the work; the employer, including the name and address of your immediate supervisor for each job position stated; the salary for each job position; reason any employment was terminated; and the date when you first began each such employment and the date that employment was terminated).

**ANSWER: I owned and worked at A.J.'s Variety Store/Eastside Grill, 505 East Nash Street, Wilson, NC—from 2000 until August 2003. I worked at Lee Nissan, 1515 Lipscomb, Rd., Wilson, N.C. 27893**

18. Produce a copy of plaintiff's Federal, State and District of Columbia income tax returns for the proceeding [sic] five (5) years period. Please attach a signed authorization form allowing defendant to obtain a copy of income tax records.

**ANSWER: I do not have those items in my custody at this time.**

19. Do you contend that as a proximate cause of the alleged negligence of the defendants you are deprived from participating in a particular vocational pursuit. If the answer is yes, identify the vocation. Identify the facts and provide any documents upon which you rely to support your contention that you would have qualified to pursue said vocation and would have actually pursued said vocation. Identify those individuals who you contend support this allegation.

**ANSWER: I attempted to do some work as an auto mechanic, however, the injuries that sustained as a result of my injuries, in particular the injury to my back, precluded me from doing this work on a regular basis.**

20. State complete details for any Federal, State or District of Columbia

government benefits for disability, unemployment, retirement, health care, or welfare benefits of any nature the decedent has ever received (e.g., each benefit received; the name of the government paying each such benefit received; the total amount of said benefit).

**ANSWER: I am unaware of any such benefits at this time.**

21. As a result of the incident referred to in the complaint, set forth in detail the amount you claim you have lost in future earnings and describe the manner in which you arrived at this figure (e.g., source and amount of income, the inflation and discount rates used, the tax rate used to reduce total gross yearly income).

**ANSWER: I do not have that information in my custody at this time.**

22. State whether plaintiff was ever arrested, detained and/or convicted or adjudicated for the alleged commission of a felony, crime, offense or misdemeanor (including juvenile offenses); please state all the details of such incidents (e.g., the time, date and location of each such arrest or detention; the specific charges for which he was arrested or detained on each such occasion; the court action number and the particular court where the action was filed; the particular charges which were the subject of each such court action, and the disposition of each).

**ANSWER: I was convicted of possession with intent to distribute cocaine in North Carolina in 1992 and I was placed on probation; I was convicted, I believe, one count each of simple assault, unregistered firearm and one count of assault with a dangerous weapon on or about May of 2003.**

23. If you contend that any medical records regarding the care received by plaintiff were altered, concealed or destroyed or otherwise tampered with in any respect, state with specificity each such record, the person(s) who contend tampered with said record and the manner or nature in which such tampering was accomplished.

**ANSWER: I am unaware of any such occurrence at this time.**

24. Please state every fact upon which you base your negligent and intentional infliction of emotional distress claim as outlined in Count VI and list every witness with knowledge of these events. Produce any document relevant to this claim.

**ANSWER: I requested my medication. The defendant knew or should have known that I needed my medication to maintain my health and well being. However, the defendant unreasonably and intentionally failed to provide my blood pressure medication. Witnesses will be myself and unknown defendants who were responsible for failing to provide me with my blood pressure medication**

25. Please outline every effort made to exhaust administrative remedies and inform correctional staff of any medical needs. Provide all documents which support your efforts.

**ANSWER: I complained to every member of the staff of CCA who I came in contact with, including many of the individuals responsible for providing medication for the inmates, that I was not given my blood pressure medication. I made my request for the medication many times in writing, according to CCA's procedures, and orally.**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. All medical, psychological, psychiatric, records, including any records of counseling for any problem including use or abuse of alcohol or drugs.

**RESPONSE: I do not have that information in my custody at this time.**

2. Copies of all state and federal income tax files with attachments.

**RESPONSE: Noting a specific objection, I will have to get this information from the IRS.**

3. All institutional files from every correctional facility in which plaintiff has been detained, including any grievance documents filed.

**RESPONSE: I do not have that information in my custody at this time.**

4. All documents supporting plaintiff's liability and damage claims.

**RESPONSE: I do not have those documents in my custody at this time.**

5.          Written or oral statements from any party or witness, including

expert witnesses.

**RESPONSE: I do not have that information in my custody at this time.**

6.          Any criminal records, judgments, pleadings, including arrest,

conviction , plea agreements.

**RESPONSE: I do not have all of those documents in my custody at this time.**

7.          Any diaries, pictures, appointment books or calendars, logs notes

authored by plaintiff and related to the allegations in the complaint.

**RESPONSE: I am unaware of any such documents at this time.**

8.          All documents received from the Corrections Corporation of

America, District of Columbia, and CCHPS.

**RESPONSE: Specific objection noted.**

9.          Produce a copy of any grievance, letter to any prison

administration or committee you have filed with any agency

concerning any aspect of any incarceration.

**RESPONSE: I do not have any such documents in my custody at this time.**

10.         All expert files, including CV, W-9, statements of work and fee

agreements.

**RESPONSE: I do not such information in my custody at this time.**

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS

TRUE AND CORRECT.

Anthony Hines

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 10th day of January 2007, I served a copy of the foregoing document by US mail to Leo A. Roth, Esquire Brault Graham, LLC 101 South Washington Street, Rockville Maryland 20850; E Louise R. Phillips, Assistant Attorney General, 441 4th Street NW 6th Floor South Washington, DC 20001; Daniel P Struck, Esquire, Jones Skelton and Hochuli, 2901 North Central Avenue, Suite 800 Phoenix, AZ 85012, and Megan S. Ben'Ary, Esquire LeClair and Ryan, 225 Reinekers Lane, Suite 700, Alexandria, VA 22314.

Rudolph Acree Jr.

11